LAW OFFICE OF BERNARD R. SCHWAM
Bernard R. Schwam, Esq. SBN-67452
BSchwam@sbcglobal.net
16133 Ventura Blvd., PH
Encino, CA 91436
(818) 986-3775, Fax (818) 788-3153

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE ELLIOTT,<br><br>Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; AND DOES 1 TO 10, INCLUSIVE,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT<br>**[29 U.S.C. Section 1132]** |

Plaintiff, ROSE ELLIOTT (hereinafter referred to as "Plaintiff'), complains of Defendants UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as "UNUM"), as follows:

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement 8 Income Security Act of 1974, 29 U.S.C. §1101 . et. seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan, regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiffs claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and 14 the ends of justice require it.

3. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about April 24, 2015, at which time she was informed that UNUM had denied Plaintiffs appeal of the denial of her long term disability benefits and life waiver of premium.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that the plan is an employee welfare benefit plan established and maintained by Plaintiffs employer, HUNTINGTON MEMORIAL HOSPITAL (hereinafter referred to as "HMH"), to provide its employees with group long term disability benefits, to pay a portion of a covered employee's income during a period of disability.

6. Plaintiff is an individual citizen and resident of the State of California, Los Angeles County, residing within the Central District of the State of California.

7. On information and belief, UNUM insures the plan and is contractually obligated to pay benefits for claims covered and approved through the plan.

## FACTUAL AND LEGAL BACKGROUND

8. At all times relevant hereto, Plaintiff, currently age 58, was employed by HMH as a registered nurse for 37 years.

9. Plaintiff's job at HMH is medium and requires lifting in excess of 50 8 pounds, with frequent standing, stopping, reaching downward, handling and fingering.

10. Plaintiff's policy with UNUM defines total disability as being unable to perform the material and substantial duties of her regular occupation and have a 20% or more loss in indexed monthly earnings due to the same sickness or injury.

11. Plaintiff first became disabled on February 26, 2014, due to numerous conditions including, but not limited to, peripheral arterial disease, diabetic neuropathy, with pain and numbness in her legs, lower back pain, left shoulder pain, carpal tunnel syndrome and anxiety as a secondary diagnosis due to the physical problems.

12. Dr. Wong, Plaintiffs attending physician, has indicated that Plaintiff is unable to perform the regular duties of her regular occupation as a registered nurse and that Plaintiff should not stand or work for more than 30 minutes, should not sit for more than 1 hour, cannot lift more than 10 pounds, cannot assist in maintaining sterile fluids, and that from a behavioral health perspective cannot drive due to narcotic pain medication and drowsiness from Gralise.

13. Plaintiff had a carpal tunnel release surgery on the right wrist, while successful, had left her with weakness in the right hand. She is taking, in addition to Gralise, Cymbalta, Mobic, and Oxycodone. She also suffers from anxiety due to these overwhelming physical problems. She has had two lumbar epidural injections due to her L4-L5 disc herniation. Of greatest concern is the diabetic neuropathy of

her lower extremities which requires daily opiate prescriptions. This has affected her ability to get a good night's sleep and puts her in a drowsy condition. Also Plaintiff has a chronic left shoulder condition, with a diagnosis of bicipital tenosynovitis.

14. In addition to all of the previously mentioned orthopedic conditions, Plaintiff is a diabetic, has hypertension, hyperlipidemias, gastroesphageal reflux disease, plantar fasciitis and obesity. Collectively it is overwhelmingly clear that Plaintiff cannot perform the regular and substantial duties of her regular occupation.

15. UNUM's policy requires if Plaintiff is disabled to begin disability benefits on August 26, 2014 and continuing.

16. Plaintiff appealed the decision and UNUM informed her on April 24, 2015 that her appeal was denied. Thus, Plaintiff has fully exhausted her administrative remedies.

17. Plaintiff contends that the standard of review is de novo due to the operation of Insurance Code Section 10110.6 (effective January 1, 2012) which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable."

18. As a direct and proximate result of Defendants' wrongful denial of LTD benefits, Plaintiff contends that Defendants have breached the contract by not paying monthly benefits, payable at the rate of $780.00 from August 26, 2014 until February 26, 2015, (based on 60% of her gross salary of $7,800.00 = $4,680.00 less State Disability of $3,900.00 equals $780.00). Thereafter, Plaintiff is entitled to $4,800.00 per month until the present and continuing.

19. As a further direct and proximate result of the denial of benefits, and due to Defendants' unreasonable denial, Plaintiff had to engage the services of attorneys to assist her in recovering benefits due her, under the terms of the LTD plan. Accordingly, Plaintiff is further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(l).

**WHEREFORE,** Plaintiff demands judgment against Defendants, and each of them, as follows:

1. Damages for breach of contract pursuant to 29 U.S.C. Section 15 1132(a)(l)(B), for Long-Term Disability benefits payable at the rate of $782.00 per month from August 26, 2014 until February 26, 2015, and thereafter, 4,680.00 to the present and continuing.

2. Reinstatement of waiver of life insurance premiums;

3. Interest on said amounts in accordance with law;

4. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

5. For any further relief that the court deems reasonable and just.

DATED: June 15, 2015

LAW OFFICE OF BERNARD R. SCHWAM

By:____________________

BERNARD R. SCHWAM
ATTORNEY FOR PLAINTIFF
ROSE ELLIOTT